## In Re Anonymous No. 39 D.B. 84

Disciplinary Board Docket No. 39 D.B. 84.

McGINLEY, *Member*, August 9, 1985—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations with respect to the captioned matter:

### I. HISTORY OF PROCEEDINGS

[Petitioner] is an attorney who resides in [    ] County, Pa. He is 38 years of age. He was originally admitted to the Bar of the Supreme Court of Pennsylvania in 1973.

On May 21, 1984, the Supreme Court of Pennsylvania entered its order transferring petitioner to inactive status. In part, the order of the Supreme Court was based upon the disposition of involuntary commitment proceedings in the Court of Common Pleas of [    ] County; these proceedings culminated in petitioner's commitment to a psychiatric hospital. At that time, petitioner was experiencing the agonizingly debilitating symptoms of a condition known as "Manic-Depressive Illness".

In January of 1985, petitioner submitted a petition for reinstatement; it was referred promptly to a hearing committee which conducted proceedings

and filed a report recommending petitioner's reinstatement with certain conditions. The conditions involved generally the following areas: continued psychiatric care, continuation of medication, authorization for psychiatrists treating petitioner to inform board of any change which would impair petitioner's ability to practice law; an obligation to inform the board of his employment status, the site of his office and any changes in connection with employment, and periodic reports to Disciplinary Counsel in connection with his psychiatric condition.

Neither Disciplinary Counsel nor petitioner excepted to the report of the hearing committee.

## II. STATEMENT OF FACT

A review of the record supports the factual findings of the hearing committee. The facts which may be summarized as follows:

Petitioner has experienced severe and recurrent episodes of acute psychiatric illness since September of 1973. He was first hospitalized from September 5, 1973 to September 24, 1973, then from March 6, 1976 to March 12, 1976. During the aforementioned hospitalizations, psychiatrists diagnosed petitioner as suffering from "Schizophrenia". He was treated with antipsychotic agents.

Petitioner was again hospitalized in June of 1983 but signed out against medical advice eight days later. On July 30, 1983, he was involuntarily entered into a psychiatric hospital and was discharged on August 12, 1983. During this period, a diagnosis of "Atypical Bipolar Disorder" was made. Petitioner was medicated with Lithium Carbonate (hereinafter "Lithium").

Petitioner voluntarily hospitalized himself from October 1, 1983 through November 16, 1983. A revised diagnosis of "Bipolar Disorder, Manic Type with Mood-Incongruent Psychotic Features" was made. His prognosis at that time was "good" if petitioner were to adhere to a prescribed therapeutic regimen of Lithium and Haldol.

Unfortunately, plaintiff did not faithfully take his medication after the death of a close relative. He relapsed into another period of acute psychiatric symptomatology. As a result, he was involuntarily committed to a psychiatric institution in March of 1984 and remained hospitalized until September of 1984. He was continually hospitalized during this period except for two elopements.

At the time of his discharge, he was diagnosed as suffering from a condition known as "Bipolar Affective Disorder Manic Type". This is a condition which has been successfully managed by the regular ingestion of Lithium.

During the period outlined above, as one may expect, petitioner experienced severe difficulty both in his personal and professional life. With respect to the latter, he was dilatory in handling the legal affairs of certain clients. At present, it appears that these matters have either been concluded or brought into a satisfactory posture by other counsel.

Fortunately, at this time petitioner's illness is in remission and should remain in such status so long as he continues regular psychiatric care and medication. Petitioner should be able to maintain a law practice and handle the affairs of his clients so long as he follows the course of treatment described. The record verifies that petitioner is sincere in his effort to maintain an adherence to the prescriptions outlined by his physicians. He is functioning well, and there is no issue as to his learning in the law. He

possesses the technical level of competency sufficient to practice.

## III. DISCUSSION

A petitioner in reinstatement proceedings has the burden of proving by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to the Bar of the Supreme Court of Pennsylvania, and that his resumption of the practice of law will neither be detrimental to the integrity and standing of the Bar or the administration of justice nor subversive to the public interest. Pa.R.D.E. §218(3)(i) and D.B.R.89.273(a)(3)(i).

Disciplinary Counsel agreed that petitioner had met his burden of proof on the issue of learning in the law. Further, Disciplinary Counsel has not opposed the recommendation of the hearing committee.

It is agreed that petitioner has the competency to practice law so long as the illness from which he suffers remains in remission.

The board recommends petitioner's reinstatement without condition.

The board is extremely conscious of the reasons why the hearing committee·recommended conditions to this board. The conditions are understandable in light of petitioner's illness, and the psychiatric testimony which outlined the necessity of continued treatment to maintain the state of remission in which petitioner finds himself. However, the board upon a review of the record feels that petitioner has demonstrated sincerity in his cooperation with physicians, and in his following a recommended course of treatment. He is aware of the likely recurrence of

symptoms if he should abandon psychiatric care and his regimen of medication.

In addition, the supervision of petitioner to the degree recommended by the hearing committee is not easily implemented. The occurrence or effect of a deviation from conditions may be difficult to evaluate.

As a result of the foregoing, the Disciplinary Board submits that petitioner has discharged his burden. He should be permitted to practice law before the Bar of the Supreme Court of Pennsylvania.

## IV. CONCLUSION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that [petitioner] be reinstated to the Bar of the Supreme Court of Pennsylvania. Costs shall be paid by petitioner.

## ORDER

NIX, *C.J.*, And now, this September 18, 1985, the recommendation of the Disciplinary Board dated August 9, 1985, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218 (e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.